UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 13-cv-01688-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Docket No. 27 |

## I.    INTRODUCTION

On January 6, 2014, this Court granted the stipulation of the parties seeking a sentence four remand of this Social Security action and entry of judgment. Docket No. 22. The parties then entered into a stipulation for the award of $5,292.66 in attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the Court granted their stipulation on this issue. Docket No. 26.

The Social Security Administration found that Plaintiff Andres Ramirez became disabled on January 30, 2009, and was entitled to benefits, including past-due benefits of $51,259.00. Docket No. 27-2 at 3. The Administration withheld $12,814.75 (25% of the past-due benefits) for payment of attorney's fees. *Id.* On January 18, 2016, Plaintiff filed a motion for $12,814.75 in attorney's fees under 42 U.S.C. § 406(b), or $7,522.09 after crediting back to the client the $5,292.66 awarded under the EAJA. Docket No. 27 (Mot.). The government filed its non-opposition response to the request for fees under 42 U.S.C. § 406(b), stating the standard for the award of attorney's fees under 42 U.S.C. § 406(b). Docket No. 28 (Resp.). Plaintiff's counsel did not file a reply, and the Court subsequently issued an order requesting supplemental briefing addressing the *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) factors for reasonableness, and to

attach the operative fee agreement and time records. Docket No. 29.

Having considered the papers and the supplemental briefing, the Court **GRANTS** Plaintiff's motion for attorney's fees under section 406(b).

## II. DISCUSSION

The award of attorney's fees in social security cases is governed by 42 U.S.C. § 406. 42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court. This section imposes a 25% cap on the amount that can be awarded to an attorney. In assessing the reasonableness of a fee request, the district court should not start with the lodestar calculation, but with the contingent-fee agreement, and consider "'the character of the representation and the results the representative achieved.'" *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The lower court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808).

In the instant case, Plaintiff entered into a contingency fee agreement entitling Plaintiff's counsel to 25% of the past-due benefits resulting from the claim. Docket No. 30-2. This 25% contingency fee agreement is within section 406(b)'s statutory ceiling. The Court finds that the 25% amount ($12,814.75) is reasonable given the character of the representation and the results achieved. There is no evidence of substandard performance, as Plaintiff's counsel successfully obtained a remand of the case. There is also no evidence of undue delay in litigating the case. Finally, there is no evidence that the benefits are not in proportion to the time spent on the case. Plaintiffs' counsel spent 32.3 hours on the case, resulting in an effective hourly rate of $396.74 ($12,814.75/32.3 hours). This amount is significantly lower than hourly rates that have been approved by the Ninth Circuit, and will not result in a windfall to Plaintiff's counsel. *Compare with Crawford*, 586 F.3d at 1145-46, 1152 (awarding $21,000 for 19.5 hours of attorney work and 4.5 hours of paralegal work, $11,500 for 17.45 hours of attorney work and 4.7 hours of paralegal work, and $24,000 for 26.9 hours of attorney work and 2.6 hours of paralegal work). Further, such a rate takes into consideration the inherent risk of a contingent fee case. *See id.* at 1150 (explaining that lodestar fees undercompensate attorneys for the risk in representing clients under

1  a contingent fee agreement).

## III. CONCLUSION

For the reasons stated above, the Court finds that counsel's request for $12,814.75 is reasonable. Because counsel was previously awarded $5,292.66 in attorney's fees under the EAJA, the Court awards $7,522.09 in attorney's fees pursuant to 42 U.S.C. § 406(b).

This order disposes of Docket No. 27.

**IT IS SO ORDERED**.

Dated: February 29, 2016

_____
EDWARD M. CHEN
United States District Judge